IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOANNE NICHOLSON, et al.,** | CASE NO. 3:21 CV 2369 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ERIC SEITZ, et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Plaintiffs Joanne Nicholson and John C. Trueman bring civil rights claims under 42 U.S.C. § 1983 and related state law claims against Defendants Officer Eric Seitz of the Put-In-Bay Police Department and Agent Travis Kling of the Ohio Department of Public Safety. *See* Doc. 1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367. Currently pending before the Court are Defendant Kling's Partial Motion to Dismiss (Doc. 7), and Defendant Seitz's Partial Motion to Dismiss (Doc. 12). Both motions are fully briefed and ripe for decision. For the reasons stated below, the Court grants Kling's motion and grants in part and denies in part Seitz's motion.

### BACKGROUND

The facts presented in the Complaint are accepted as true for the purposes of a Motion to Dismiss. *Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 566–67 (6th Cir. 2013). Those facts are as follows.

Plaintiffs were celebrating with friends at Mojito Bay bar in Put-in-Bay, Ohio on July 25, 2021. (Doc. 1, at ¶ 7). Trueman, "wishing to demonstrate his physical fitness, did pull ups on an

outdoor rafter in the bar." *Id.* at ¶ 9. Someone contacted Put-in-Bay police and Officer Seitz responded. *Id.* at ¶¶ 10, 12. A plain clothes police officer who was present in the bar, identified Trueman "as the unruly patron who had hung from and pulled up on the outdoor rafter." *Id.* at ¶ 12. Officer Seitz approached Trueman and said "'walk this way'[,] gesturing toward the bar exit." *Id.* at ¶ 13. Trueman smiled at Seitz and began walking in the direction of the exit. *Id.* at ¶ 14.

Per the Complaint, Officer Seitz then "without provocation or reason, grabbed John Trueman from behind, throwing him to the ground." *Id.* at ¶ 15. Agent Kling then "joined the fray." *Id.* at ¶ 17. Seitz tased Trueman twice, and attempted a third time, but tased himself by mistake. *Id.* at ¶ 22. Plaintiff asserts Seitz stated in his written report that he shouted "Taser!" three time prior to the first taser, but the video depicts this did not happen. *Id.* at ¶ 20.[1]

During this time, Plaintiff Nicholson "touched the shoulder of Agent Kling and asked him to not hurt" Trueman, and informed Kling Trueman had a seizure disorder. *Id.* at ¶ 24.

Nicholson was charged with assaulting a law enforcement officer and resisting arrest. *Id.* at ¶ 27. The prosecutor dismissed the charges, finding Nicholson had been "improperly charged". *Id.* at ¶ 28; *see also* Doc. 1-2 (county prosecutor's motion for leave to dismiss referencing a video of the incident "which shows [Nicholson] was improperly charged")).

Charges against Trueman were reduced to a single count of disorderly conduct; he pleaded no contest and was found guilty. (Doc. 1, at ¶ 30).

Plaintiffs assert Defendants generated "a fabricated narrative" that Trueman was resisting arrest, *id.* at ¶ 23, and "false police reports" to support charges against Nicholson, *id.* at ¶ 27.

---

1. Plaintiffs attached two videos depicting the parties' interactions as exhibits to their Complaint.

2

Nicholson asserts the public record charges of felony assault on a police officer have caused her public humiliation. *Id.* at ¶ 29. Both Plaintiffs allege they suffered physical injury, public humiliation, and continue to suffer from fear and anxiety as a result of these events. *Id.* at ¶ 31.

Plaintiff Nicholson brings the following causes of action against Kling: First Amendment Retaliation (Count I); False Arrest and False Imprisonment (Count II); Malicious Prosecution (Count III). (Doc. 1, at ¶¶ 32-41). She further brings claims for Assault and Battery against all Defendants (Count IV). *Id.* at ¶¶ 42, 44.

Plaintiff Trueman brings the following causes of action: Assault and Battery against all Defendants (Count IV); and Excessive Force against all Defendants (Count V). *Id.* at ¶¶ 42-43.

## STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to Plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

Both Defendants move to dismiss some of the claims against them. Each is addressed below.

Defendant Kling's Partial Motion to Dismiss (Doc. 7)

Defendant Kling moves to dismiss Plaintiffs' state law claims of assault, battery, and malicious prosecution for lack of subject matter jurisdiction, and to dismiss Nicholson's Fourth and Fourteenth Amendment malicious prosecution claim for failure to state a claim.

*State Law Claims*

Kling first moves to dismiss the state law claims against him, asserting that the Court lacks subject matter jurisdiction over any such claims. Plaintiffs concede this point and agree to voluntarily dismiss such claims. *See* Doc. 10, at 3. As such, the Court dismisses Plaintiffs' state law claims against Kling for assault, battery, and malicious prosecution/false arrest and false imprisonment without prejudice.

*Malicious Prosecution*

Kling secondly argues Nicholson has failed to adequately plead a federal claim for malicious prosecution in Count III.

A malicious prosecution claim under the Fourth Amendment has four elements:

> (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor.

*Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (internal quotations omitted) (cleaned up).

Kling asserts Nicholson has not pled facts to satisfy the third element – that she suffered a deprivation of liberty apart from the initial seizure. The Court agrees. The Complaint only

4

alleges Nicholson was handcuffed (Doc. 1, at ¶¶ 37, 44), charged (Doc. 1, at ¶¶ 28, 39), and the charges were later dropped (Doc. 1, at ¶¶ 28, 40). The Complaint, thus, does not allege a "deprivation of liberty apart from the initial seizure". *Mills*, 869 F.3d at 480; *see also Billock v. Kuivila*, 2013 WL 591988, at *6 (N.D. Ohio) ("Plaintiff does not allege that he was required to post bond, that his travel was restricted, or that any other restriction was placed on him, apart from his initial arrest, that would establish a 'deprivation of liberty' sufficient to state a malicious prosecution claim.").

In her opposition brief, Plaintiffs says that after the initial arrest, Nicholson was taken to the jail, held in handcuffs for over two hours, and interrogated by Kling; they further assert she was summoned to appear in court twice and paid $2,000 in attorney's fees. (Doc. 10, at 4). These factual allegations do not appear in the Complaint. Plaintiffs present a general request at the end of their brief that they be provided leave to file an amended complaint "to rectify any perceived deficit in the pleading" should the Court find dismissal of any claim appropriate. *Id.* at 5.

Federal Rule of Civil Procedure 15(a) states a court should grant leave to amend when justice so requires. *La. Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010). However, a "party seeking leave to amend must file a motion stating its grounds for amending the complaint with particularity." *Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 647 (N.D. Ohio 2014) (citing *Evans v. Pearson Enter.*, 434 F.3d 839, 853 (6th Cir. 2006)). "A bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)." *La. Sch. Employees' Ret. Sys.*, 622 F.3d at 486.

Plaintiffs assert – relying on the additional factual allegations set forth in the opposition brief – that Nicholson has adequately asserted a claim in reliance on the "continuing seizure"

5

doctrine. Kling in reply contends that dismissal is appropriate, even were Plaintiffs permitted to amend the Complaint to include these facts because being required to attend court is not a "deprivation of liberty" as required to plead a malicious prosecution claim.

Because Plaintiffs have not presented a proper request to amend their Complaint, the Court need not reach this argument at this juncture. Rather, the Court will dismiss Count III without prejudice to Plaintiffs filing a motion for leave to amend (with attached proposed amended complaint), and will address these arguments if necessary at the appropriate time.

<u>Defendant Seitz's Partial Motion to Dismiss (Doc. 12)</u>

Defendant Seitz moves to dismiss any claim against him by Nicholson and to dismiss Trueman's Fourth Amendment claim for failure to state a claim.

*Assault & Battery*

First, Seitz asserts any claim for assault and battery against him must be dismissed because the Complaint – although it asserts "Defendants" assaulted and battered Nicholson – contains no factual allegations that Seitz interacted with or touched Nicholson, nor do the videos depict such interaction. Plaintiff concedes this point, acknowledging that Count IV should only be brought against Defendant Kling, and not Seitz. As such, Defendant Seitz's motion is granted as to Ground IV.

*Excessive Force*

Second, Seitz asserts he is entitled to dismissal of Trueman's claim in Count V under 42 U.S.C. § 1983 because "Plaintiffs fail to identify that any of Seitz['s] conduct constituted [an] unreasonable search and seizure or excessive use of force." (Doc. 12, at 3). Plaintiff responds he has done so, citing the factual allegations in his Complaint regarding "Defendants' arrival in uniforms and under the color of the law; the exchange between Defendant Seitz and Plaintiff

6

Trueman that showed Trueman was cooperating, smiling, and following Defendant Seitz; and then Defendant Seitz' unprovoked attack that involved throwing Plaintiff to the ground and then tasering the Plaintiff twice." (Doc. 14, at 4). Plaintiff contends these factual allegations are sufficient to demonstrate Seitz violated Plaintiff's Fourth Amendment rights.

Although Count V does – as Seitz points out – merely assert Defendants were state actors and set forth the Fourth Amendment standard (Doc. 1, at ¶¶ 45-48), it also incorporates all previously pled facts (Doc. 1, at ¶ 45). Those earlier facts include allegations that Seitz "without provocation or reason, grabbed John Trueman from behind, throwing him over to the ground", while Trueman was complying with Seitz's instructions to walk toward the exit. *Id.* at ¶¶ 13-15. The Court finds Plaintiffs have met the plausibility standard to survive a motion to dismiss on Count V – a Fourth Amendment excessive force claim. That is, Plaintiffs have adequately pled facts alleging that Seitz's use of force was not objectively reasonable under the circumstances. *Hale v. Boyle Cty.*, 18 F.4th 845, 852 (6th Cir. 2021). As such, Seitz's motion to dismiss the excessive force claim in Count V will be denied.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Kling's Partial Motion to Dismiss (Doc. 7) be, and the same hereby is, GRANTED as set forth herein; and it is

FURTHER ORDERED that Defendant Seitz's Partial Motion to Dismiss (Doc. 12), be and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE